CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

02/02/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:17-cr-00007 |
| v. | MEMORANDUM OPINION |
| BRUCE A. HARVEY, *Defendant.* | JUDGE NORMAN K. MOON |

Pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant Bruce Harvey ("Defendant") pled guilty to three counts of Transportation to Engage in Criminal Sexual Activity; three counts of Travel with Intent to Engage in a Sex Act with a Juvenile; and one count of Possession of Child Pornography. (Dkt. 72–73). The plea agreement stipulated a range of between 120 and 276 months incarceration. (Dkt. 71 at ECF 4). On January 25, 2018, taking into account the factors set forth in 18 U.S.C. § 3553, I sentenced Defendant to a total of 276 months incarceration. (Dkt. 101). Prior to the sentencing, the parties filed extensive briefing pertaining to the calculation of Defendant's sentence under the Sentencing Guidelines. While the Court accepted, and was bound by, the Rule 11(c)(1)(C) plea agreement, I still wished to address in a separate opinion the non-frivolous arguments made by both parties before the Court. *See Rita v. United States*, 551 U.S. 338, 357 (2007); *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). To the extent that I did not address those arguments at the sentencing hearing, they will be addressed below. For the foregoing reasons, I will reject them all.

# I

Under U.S.S.G. § 3D1.2, "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." Counts involving the "same harm" occur:

**(a)** When counts involve the same victim and the same act or transaction.
**(b)** When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

U.S.S.G. § 3D1.2(a)–(b). Application Note 4 to § 3D1.2 remarks that subsection (b) "does *not* authorize the grouping of offenses that *cannot* be considered to represent essentially one composite harm (*e.g.*, robbery of the same victim on different occasions involves multiple, separate instances of fear and risk of harm, not one composite harm)." U.S.S.G. § 3D1.2, Application Note 4 (emphasis added). Further, the Guidelines provide the following example: "The defendant is convicted of two counts of rape for raping the same person on different days. The counts are not to be grouped together." *Id.*

Here, the Court has grouped together Counts Three and Four (Group 2) and Counts Six and Seven (Group 3) under § 3D1.2. These two groups both involve the second victim ("V2") and violations of 18 U.S.C. §§ 2423(a), (b). However, the similarities stop there. Counts Three and Four involve the transportation of V2 from Virginia to Maryland and back between 2004 and 2007. Counts Six and Seven involve the transportation of V2 from Virginia to California and back in or around March 2007. Although there is overlap in time, the violations are separate and distinct—much akin to the rape example in the Guidelines. U.S.S.G. § 3D1.2, Application Note 4.

Defendant's transportation of V2 from Virginia to two separate states, at two separate times, to engage in similar illegal conduct, constitute two "separate harms" that should be grouped separately—not together. *See, e.g., United States v. Nagel*, 835 F.3d 1371, 1375 (11th Cir. 2016)

(holding that not grouping two counts of enticement of a minor was appropriate, notwithstanding that "the counts involved the same minor victim and no force, the sexual misconduct occurred on different days and involved separate instances of harm to the victim"); *United States v. Crowe*, 106 F.3d 392 (Table) (4th Cir. 1997) (finding that a single group was inappropriate for eleven counts of mailing threatening communications to the defendant's ex-wife when each mailing "inflicted a separate psychological harm").

Defendant disagrees. He makes a narrow factual distinction with the rape example in the Guidelines and contends that he was not convicted of rape, but rather had unlawful relationships with the victims. Further, he argues that what took place was more akin to a scheme to distribute controlled substances. Such a scheme involves numerous sales, over separate days, which the Guidelines state should be grouped together to avoid double counting. *See* U.S.S.G. § 3D1.2, Application Note 4.

This argument, however, is unconvincing. While Defendant is correct that both transporting a minor with intent to engage in criminal sexual activity and travel with intent to engage in a sexual act with a juvenile are not rape—such offenses are closely analogous. Moreover, the rape example in the Guidelines contemplates the same victim and the same offense committed on different days. This is what we have here. By focusing on Defendant's alleged "relationship" with V2, which he analogizes to a common scheme, Defendant misses the unique and separate harms inflicted by each offense on V2 when he crossed state lines en route to Maryland and in another instance to California. Moreover, the concerns for double counting or aggregating drug weights, present in a scheme to distribute controlled substances, are absent here. Therefore, I find this argument to be without merit, and the grouping of offenses to be correct.

## II

Under U.S.S.G. § 2G1.3(b)(2)(B), the base offense level for a violation of 18 U.S.C. § 2423(a) is increased by 2 levels if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." Here, Defendant was given a 2-level increase because of his difference in age, his position as the victims' karate instructor and mentor, and his position as a police officer in the community. (PSR at 7, 8). Application Note 3 to § 2G1.3(b)(2)(B) states that a rebuttable presumption that the enhancement applies is created in a case involving a minor at least 10 years younger than the offender.

Defendant argues that there should be no presumption that the enhancement applies in the case of the first victim ("V1") for the offenses contained in Group 1. Defendant cites for support a Ninth Circuit case that found the undue influence enhancement rebutted when "there was no evidence that [the defendant] did or said anything to procure the victim's consent to conduct that she was not already inclined to do." *United States v. Calvo*, 596 F. App'x. 541 (9th Cir. 2015).

The Court agrees that no presumption is present here for V1. However, the presumption under § 2G1.3(b)(2)(B) was not the sole grounds for the enhancement's application in this case.[1] (PSR at 7). Further, the evidence in *Calvo* is quite distinct from the evidence here. In *Calvo*, "the victim went to the internet chatroom of her own accord, willingly befriended [the defendant], voluntarily engaged in sexual banter with him, requested that he pick her up, and willingly engaged in the sexual acts at issue." *Id.* at 543. Any intimation that the victim was predisposed towards consenting to sexual activity with Defendant, as was the case in *Calvo*, is not supported by

---

[1]     Indeed, the enhancement can apply in the absence of such a presumption where a defendant is less than 10 years older than the victim. *See United States v. Turner*, 687 F. App'x 520, 524 (6th Cir. 2017) (emphasis added) ("The fact that the age difference reduced to nine years soon after [Defendant] was arrested does not rebut the presumption of undue influence, especially in light of the record evidence supporting the enhancement *even apart from the presumption*.").

the facts.

Here, Defendant utilized his position as a karate instructor to maintain the sexual relationships. Defendant was able to control the victims by virtue of their age difference, which was significant, and persuade them into sexual activity through his power and influence. (PSR at 5). Whether it was travelling alone together for karate competitions, an unrelated "vacation" where Defendant was the only adult, or engaging in sexual acts at the victim's school, Defendant used and abused his position of power over V1. *Id.* It is also clear that Defendant, at times, engaged in behavior more akin to stalking than dating. *Id.* This conduct is demonstrative that Defendant took action to "procure the victim's consent" to engage in conduct she was not already inclined to partake in. *Calvo*, 596 F. App'x. at 541. Thus, the undue influence enhancement has been properly applied for the offenses involving V1.

### III

Under U.S.S.G. § 4B1.5(b)(1), in any case in which the defendant's instant offense is a covered sex crime, and the defendant engaged in a "pattern of activity" involving "prohibited sexual conduct," the offense level should be increased by 5 levels. U.S.S.G. § 4B1.5(b)(1). "An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) *without regard* to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." U.S.S.G. § 4B1.5, Application Note 4(b)(ii) (emphasis added).

Defendant puts forth two arguments that the enhancement is inappropriate in this case. First, Defendant argues that the enhancement exaggerates the seriousness of the ongoing threat he possess to the community. Defendant reasons that the Guideline does not differentiate between former convicts who commit additional crimes and those, like Defendant, who do not have prior

convictions. That position, however, is directly contradicted by Application Note 4(b) to the Guideline. The Application Note states that the Guideline does not require a previous conviction, only two qualifying instances of "prohibited sexual conduct" occurring during the offense—here there are several. U.S.S.G. § 4B1.5, Application Note 4(b)(ii).

Second, Defendant raises concerns that the enhancement constitutes impermissible double counting. Defendant argues that the aggravating factors of the crime are accounted for elsewhere in the Guideline calculation. In the face of the clear language of the Guidelines, Defendant cites no controlling case law for the proposition that the enhancement is inappropriate in this case. Indeed, two enhancement provisions covering the same conduct "is *not* a sufficient basis to find impermissible double-counting" when the provisions "serve distinctly different goals" (one being offense specific conduct, the other being career offender conduct). *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014) (emphasis added).

The lone case referenced by Defendant for support, *United States v. Bruffy*, Case No. 6:11-cr-00006, 2012 WL 1003503 (W.D. Va. Mar. 26, 2012), is only loosely analogous. The defendant in that case was convicted on two counts of producing child pornography, and was to receive two 5-level enhancements under U.S.S.G. § 4B1.5(b)(1) and § 2G2.2(b)(5). *Id.* at *1. This Court ultimately varied and reduced the sentence to include just one of the enhancements. *Id.* at *4. However, I stated that "[t]he application of enhancements under both U.S.S.G. § 2G2.2(b)(5) and § 4B1.5(b)(1) does not constitute 'impermissible' 'double counting.'" *Id.* at *3 (citing *United States v. Schellenberger,* 246 F. App'x. 830, 832 (4th Cir. 2007)). This Court then sentenced the defendant to 276 month imprisonment—the same sentence given to Defendant in the instant case. *Id.* at *5. Thus, Defendant's arguments as to the pattern of activity enhancement are without merit, and the enhancement has been appropriately applied.

**IV**

Defendant's last argument attacks U.S.S.G. § 2G2.1 on its face. Defendant contends that since the Guideline is a product of congressional directives seeking harsher penalties, and is not the result of empirical analysis, it could result in unreasonable sentences that are inconsistent with the requirements of § 3553(a). *See United States v. Dorvee,* 616 F.3d 174, 184 (2nd Cir. 2010). Defendant argues that such a Guideline "should not be given much weight." (Dkt. 86 at ECF 14). Defendant goes on to survey the development of the Guidelines over time, remarking that the increase in punishment has been substantial, and cites *Kimbrough v. United States*, 552 U.S. 85, 109-110 (2007), for the proposition that the Court need not defer to a guideline that would allegedly result in an "unreasonable" sentence.

These arguments fail for two reasons. First, the *Dorvee* case involved § 2G2.2—not § 2G2.1. To the extent the Second Circuit warned its district courts to beware, it was not speaking of § 2G2.1. *Dorvee,* 616 F.3d at 185. Further, the Fourth Circuit has recently upheld the use of U.S.S.G. § 2G2.1 in sentencing as substantively reasonable under § 3553(a). *See United States v. Dowell*, 771 F.3d 162, 164 (4th Cir. 2014).

Second, the Supreme Court in *Kimbrough* addressed instances of sentencing when the Sentencing Commission *lacked* explicit direction from Congress, not the other way around. *Kimbrough v. United States*, 552 U.S. 85, 106 (2007). This issue of congressional silence is inapplicable here, where Congress has clearly spoken. *See also United States v. Schuster*, 706 F.3d 800, 808 (7th Cir. 2013) ("[Defendant's] argument [regarding the Guideline's failure to incorporate the Sentencing Commission's expertise and empirical data-gathering] does not account for the possibility that Congress itself may have studied the problem of child pornography. At any rate, even if a district court chose, as it may, to disagree with the policy choices that

underlie a particular Guideline, it does not follow that other district courts *must* give less regard to

that Guideline."). Thus, I find Defendant's arguments that I should give little weight to § 2G2.1,

for fear of an "unreasonable" sentence, are unconvincing.

V

Lastly, the Government contends that Defendant should no longer be eligible for a

reduction of his offense level under § 3E1.1 for acceptance of responsibility. Under U.S.S.G.

§ 3E1.1, a defendant can receive a 2-level decrease in his offense level if he or she "clearly

demonstrates acceptance of responsibility for his offense." Relevant considerations in determining

whether one has accepted responsibility include

> truthfully admitting the conduct comprising the offense(s) of conviction, and
> truthfully admitting or not falsely denying any additional relevant conduct for
> which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . .
> However, a defendant who falsely denies, or frivolously contests, relevant conduct
> that the court determines to be true has acted in a manner inconsistent with
> acceptance of responsibility.

U.S.S.G. 3E1.1, Application Note 1.

Defendant provided to the Court a psychological evaluation, which is currently under seal,

as an exhibit to his sentencing memorandum. Without revealing the confidential information

contained therein, that evaluation contained various statements made by Defendant to

psychological evaluators which were used to deduce Defendant's potential of recidivism. The

statements made by Defendant in the evaluation paint a different picture as to: who initiated the

sexual contact, the nature of the "relationships," his role in the offenses, and the origin of the child

pornography in his possession. The Government argues that the statements provided to the

psychological evaluators demonstrate that Defendant has failed to accept responsibility for his

actions.

Notwithstanding the statements made to psychological evaluators, Defendant has openly accepted responsibility for his actions. (*See* PSR at 6). Although Defendant has quibbled with the facts of the case in his psychological evaluation, he has not denied that he committed the instant offenses. Nor have Defendant's statements negated any element of the underlying offenses. Moreover, the statement Defendant provided to the U.S. Probation Office, while bare bones in nature, nonetheless communicates that he is "sorry for [his] actions." *Id.* Ultimately, while Defendant may disagree as to some of the details of the crimes, he has not "denied" or "frivolously contested" the relevant conduct undergirding the instant offenses. *See* U.S.S.G. § 3E1.1, Application Note 1. Therefore, Defendant is entitled to the acceptance of responsibility reduction.

## VI

In conclusion, the Court finds the aforementioned arguments to be without merit. This memorandum opinion is hereby incorporated into the judgment order in this case, entered this same day. The Clerk of the Court will forward a certified copy of this memorandum opinion and the accompanying judgment order to all counsel of record.

Entered this ___2nd___ day of February, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE